**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1667
_____

LUIS DE OLIVEIRA RIBAS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-204-613)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2013
Before:  AMBRO, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 23, 2013)
_____

OPINION
_____

PER CURIAM

        Petitioner Luis De Oliveira Ribas petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to reopen.  For the reasons detailed

below, we will deny the petition for review.

Ribas is a citizen of Brazil. In 2003, he was convicted in New Jersey state court of aggravated assault in the third degree. In 2008, the Department of Homeland Security charged him with being removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was present in the United States without being admitted. Ribas conceded that he was removable as charged. However, he applied for cancellation of removal, claiming that his removal would result in exceptional and extremely unusual hardship to his wife and three children.

On March 18, 2011, an Immigration Judge (IJ) denied Ribas's application. The IJ concluded that Ribas's assault conviction qualified as a crime of moral turpitude, which rendered Ribas ineligible for cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C). He appealed to the BIA; on July 25, 2012, the BIA dismissed the appeal, agreeing with the IJ that his conviction foreclosed his request for cancellation of removal. Ribas then filed a petition for review in this Court, which we dismissed as untimely. See Ribas v. Att'y Gen., C.A. No. 12-3410 (Oct. 30, 2012 Order).

On December 14, 2012, Ribas filed a motion to reopen with the BIA. In his motion, Ribas explained that, after the BIA had denied his cancellation-of-removal application, his wife had given birth to a fourth child, who was born with a heart condition. He alleged that this change in circumstances warranted reopening. The BIA denied Ribas's motion, holding that it was untimely and did not fall within one of the exceptions to the regular 90-day time limit. In the alternative, the BIA concluded that

2

reopening was not justified because Ribas's newly presented evidence did not change the fact that his conviction precluded his being granted cancellation of removal. Ribas then filed a petition for review to this Court.

As an initial matter, while Ribas spends much of his appellate brief challenging the BIA's order in the underlying case holding that his crime involved moral turpitude, we do not have jurisdiction to consider that issue. Ribas's instant petition for review, which he filed on March 8, 2013, is timely as to the BIA's February 28, 2013 denial of his motion to reopen, but not as to the BIA's July 25, 2012 order in the underlying case. See 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."). Thus, we will dismiss Ribas's petition insofar as he seeks to challenge the BIA's July 25, 2012 order. See Stone v. INS, 514 U.S. 386, 405 (1995); Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 89-90 (2d Cir. 2001).

We have jurisdiction under 8 U.S.C. § 1252 to review the BIA's denial of the motion to reopen. We review the BIA's denial of a motion to reopen for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). This review is highly deferential, and we will not disturb the BIA's decision "unless it is arbitrary, irrational, or contrary to law." Id. (citation and internal quotation marks omitted).

We discern no error in the BIA's conclusion that Ribas's motion to reopen was untimely. As a general rule, a motion to reopen must be filed within 90 days of the date

3

of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R § 1003.2(c)(2). There are, however, various exceptions, including the following: (1) in certain circumstances if the order was entered in absentia, 8 C.F.R. § 1003.2(c)(3)(i); (2) if the motion is filed for the purpose of applying "for asylum or withholding of deportation based on [changed country conditions]," § 1003.2(c)(3)(ii); (3) if the motion is jointly filed by the parties, § 1003.2(c)(3)(iii); or (4) if the government files the motion, § 1003.2(c)(3)(iv).

Here, Ribas filed his motion to reopen well outside the 90-day time limit — the BIA issued its order in the underlying case on July 25, 2012, and Ribas filed the motion to reopen on December 14, 2012. Therefore, the motion is untimely unless it satisfies one of the exceptions to the 90-day rule. It does not. Ribas does not purport to rely on any of the exceptions set forth above; rather, he argues only that he has a new child with a medical problem. However, changed personal circumstances are insufficient to excuse an alien from the 90-day time limit on a motion to reopen. See Khan v. Att'y Gen., 691 F.3d 488, 497-98 (3d Cir. 2012); see also Yuen Jin v. Mukasey, 538 F.3d 143, 151 (2d Cir. 2008).

Accordingly, we will deny Ribas's petition for review.